IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

DW AINA LE'A DEVELOPMENT,     )     CIVIL NO. 17-00113 SOM-RLP
LLC,                         )
                             )     **ORDER GRANTING DEFENDANT'S**
            Plaintiff,       )     **MOTION TO DISMISS**
                             )
        vs.                  )
                             )
STATE OF HAWAII, LAND USE    )
COMMISSION; STATE OF HAWAII  )
and DOE GOVERNMENTAL UNITES  )
1-10,                        )
            Defendants.      )
_____)

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

**I.      INTRODUCTION.**

        Before the court is Defendant[1] State of Hawaii's motion

to dismiss Plaintiff DW Aina Le'a Development, LLC's Complaint

pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure.  Motion to Dismiss, ECF No. 5.  This court dismisses

DW's federal and state takings claims as time-barred.

**II.     FACTUAL BACKGROUND.**

        This case concerns the classification of over 1,000

acres of land in South Kohala on Hawaii Island.  Complaint, ECF

No. 1-2, PageID # 9.  In 1989, the State's Land Use Commission

reclassified the land from agricultural to urban to allow the

development of almost 2,000 homes, with facilities and

---

        [1]      In a footnote, the State notes, "[T]he State of Hawaii
and its Land Use Commission are one entity and one defendant for
purposes of this litigation."  ECF No. 5, PageID # 35.

1

amenities, as part of a residential community. *Id.* The reclassification was subject to various conditions, including a condition that a certain percentage of the housing units be affordable. *Id.*

From 1990 until 2008, the Land Use Commission amended and revised the original order's affordable housing condition several times, working with various successor landowners and developers, including DW. *Id.*, PageID #s 9-11. In 2008, the Commission issued an order to show cause why the land should not revert back to an agricultural classification because of the developer's alleged failure to timely comply with certain conditions. *Id.*, PageID # 11. On April 25, 2011, after several years of proceedings and DW's acquisition of development rights for the land, the Commission ordered the land reverted from its urban classification back to its original agricultural use. *Id.*, PageID #s 11-21.

The landowners and developers, including DW, sought judicial review of the Commission's decision. *Id.*, PageID # 21. The Hawaii Supreme Court ultimately consolidated the cases and held that the Land Use Commission "erred in reverting the land without complying with the requirements of HRS § 205-4 because the land owners had substantially commenced use of the land in accordance with the representations they had made to the

Commission." *DW Aina Lea Dev., LLC v. Bridge Aina Lea, LLC.*,
134 Haw. 187, 190, 339 P.3d 685, 688 (2014).  The court observed
that, by the time the land was reverted to agricultural use, DW
"had substantially commenced use of the land in accordance with
[its] representations" to the Commission and had spent more than
$20 million on the project.  *Id.* at 191, 339 P.3d at 689.

On February 23, 2017, DW filed its Complaint in the
First Circuit Court for the State of Hawaii seeking just
compensation from the State for the alleged regulatory taking.
Complaint, ECF No. 1-2.  The State removed the case to federal
court and then filed the present motion to dismiss.  Notice of
Removal, ECF No. 1; Motion to Dismiss, ECF No. 5.  A hearing was
held on May 15, 2017.  *See* ECF No. 15.

III.       **STANDARD OF REVIEW.**

Under Rule 12(b)(6) of the Federal Rules of Civil
Procedure, the court's review is generally limited to the
contents of a complaint.  *Sprewell v. Golden State Warriors*, 266
F.3d 979, 988 (9th Cir. 2001); *Campanelli v. Bockrath*, 100 F.3d
1476, 1479 (9th Cir. 1996).  If matters outside the pleadings
are considered, the Rule 12(b)(6) motion is treated as one for
summary judgment.  *See Keams v. Tempe Tech. Inst., Inc.*, 110
F.3d 44, 46 (9th Cir. 1997); *Anderson v. Angelone*, 86 F.3d 932,
934 (9th Cir. 1996).  However, the court may take judicial

notice of and consider matters of public record without
converting a Rule 12(b)(6) motion to dismiss into a motion for
summary judgment.  *See Emrich v. Touche Ross & Co.*, 846 F.2d
1190, 1198 (9th Cir. 1988).

On a Rule 12(b)(6) motion to dismiss, all allegations
of material fact are taken as true and construed in the light
most favorable to the nonmoving party.  *WMX Techs., Inc. v.
Miller*, 197 F.3d 367, 372 (9th Cir. 1999).  However, conclusory
allegations of law, unwarranted deductions of fact, and
unreasonable inferences are insufficient to defeat a motion to
dismiss.  *Sprewell*, 266 F.3d at 988; *In re Syntex Corp. Sec.
Litig.*, 95 F.3d 922, 926 (9th Cir. 1996).  Dismissal under Rule
12(b)(6) may be based on either:  (1) lack of a cognizable legal
theory, or (2) insufficient facts under a cognizable legal
theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699
(9th Cir. 1988) (citing *Robertson v. Dean Witter Reynolds, Inc.*,
749 F.2d 530, 533-34 (9th Cir. 1984)).

To survive a Rule 12(b)(6) motion to dismiss,
"[f]actual allegations must be enough to raise a right to relief
above the speculative level, on the assumption that all the
allegations in the complaint are true (even if doubtful in
fact)."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)
(internal citations omitted); *accord Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009) ("[T]he pleading standard Rule 8 announces does
not require 'detailed factual allegations,' but it demands more
than an unadorned, the-defendant-unlawfully-harmed-me
accusation."). "While a complaint attacked by a Rule 12(b)(6)
motion to dismiss does not need detailed factual allegations, a
plaintiff's obligation to provide the 'grounds' of his
'entitlement to relief' requires more than labels and
conclusions, and a formulaic recitation of the elements of a
cause of action will not do." *Twombly*, 550 U.S. at 555
(internal citations omitted). The complaint must provide
"enough facts to state a claim to relief that is plausible on
its face." *Id.* at 570. "A claim has facial plausibility when
the plaintiff pleads factual content that allows the court to
draw the reasonable inference that the defendant is liable for
the misconduct alleged." *Iqbal*, 556 U.S. at 678.

IV.     **ANALYSIS.**

        DW seeks monetary damages from the State for the
alleged taking of property without payment of just compensation
in violation of Article I, section 20 of the Hawaii
constitution, as well as the Fifth Amendment to the United
States Constitution.  Complaint, ECF No. 1-2, PageID # 25.  The
State seeks dismissal of the "takings-inverse condemnation"
claims, arguing that they are barred by the applicable statutes

of limitations.  Memorandum in Support of Motion to Dismiss, ECF No. 5-1, PageID #s 40-41.

### A. This Court Has Subject Matter Jurisdiction Over the Federal Takings Claim.

This court first considers whether the federal takings claim is ripe for review.  Ripeness "is drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction." *Reno v. Catholic Soc. Servs., Inc.*, 509 U.S. 43, 57 n.18 (1993); *Portman v. Cty. of Santa Clara*, 995 F.2d 898, 902 (9th Cir. 1993) ("The ripeness inquiry contains both a constitutional and a prudential component.").  Article III ripeness is jurisdictional, while "[p]rudential considerations of ripeness are discretionary." *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1142 (9th Cir. 2000) (en banc).

Under *Williamson County Regional Planning Commission v. Hamilton Bank*, 473 U.S. 172 (1985), a federal regulatory takings claim does not ripen until two prongs are satisfied. Under the first prong, a plaintiff must establish that "the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue." *Id.* at 186.  Under the second prong, a plaintiff must show that "the owner has unsuccessfully attempted to obtain just compensation through the

procedures provided by the State for obtaining such compensation." *Id.* at 195.

This court recently opined in a related case on whether a federal takings claim is ripe for judicial review under *Williamson County* when a case is removed to federal court. In that related case, the plaintiff had filed a complaint in state court seeking, among other things, just compensation for the alleged regulatory taking relating to the reversion of the land in issue here to agricultural use. *Bridge Aina Le'a, LLC v. Haw. Land Use Comm'n*, 125 F. Supp. 3d 1051, 1054-55, 1057 (D. Haw. Aug. 25, 2015). The defendants removed the case to federal court before a determination of just compensation had occurred in state court. *Id.* at 1057. In addressing a motion to dismiss brought by the defendants in that case, this court wrote:

> To the extent any Defendant is found liable to Bridge for a taking, no determination of just compensation has yet occurred such that Bridge could claim that any compensation is inadequate. The absence of such a determination does not necessarily mean that this court is barred from considering Bridge's takings claims. The Supreme Court has referred to the *Williamson County* state exhaustion requirement as prudential rather than jurisdictional. *See Suitum v. Tahoe Reg'l Planning Agency*, 520 U.S. 725, 733 (1997); *see also Guggenheim v. City of Goleta*, 638 F.3d 1111, 1117-18 (9th Cir. 2010). Although the Ninth Circuit treats ripeness as implicating both Article III and prudential considerations, *see Guatay Christian Fellowship v. Cnty. of San Diego*, 670 F.3d 957, 980 (9th Cir. 2011), it has recognized that the *Williamson County* ripeness

7

requirements are discretionary when the case
"raises only prudential concerns," as is the case
here. *Adam Bros. Farming v. Cnty. of Santa
Barbara*, 604 F.3d 1142, 1148 (9th Cir. 2010).
This court has the discretion to consider
Bridge's takings claim if warranted by "the
fitness of the issues for judicial decision and
the hardship to the parties of withholding court
consideration." *Thomas v. Anchorage Equal Rights
Comm'n*, 220 F.3d 1134, 1141-42 (9th Cir. 2000).

This court notes that Bridge's takings
claims have been pending in this court for years.
*See Yamagiwa v. City of Half Moon Bay*, 523 F.
Supp. 2d 1036, 1109 (N.D. Cal. 2007) (finding
hardship when parties had litigated case for two
years and decision would soon issue). Both
parties point to Defendants' removal of this case
in addressing Bridge's federal takings claims.
*See* ECF No. 88, PageID #s 1172-73; ECF No. 89,
PageID # 1182. Although other circuits have
determined that the *Williamson County* state
exhaustion requirement does not apply to cases
that have been removed to federal court, *see
Sherman v. Town of Chester*, 752 F.3d 554, 564 (2d
Cir. 2014); *Sansotta v. Town of Nags Head*, 724
F.3d 533, 545-47 (4th Cir. 2013), it does not
appear that the Ninth Circuit has opined on the
matter. *Cf. Alpine Vill. Co. v. City of McCall*,
No. 1:11-CV-00287-BLW, 2011 WL 3758118, at *2-3
(D. Idaho Aug. 25, 2011) (applying state
exhaustion requirement in removed case). This
court does not decide this issue here.

*Id.* at 1061 n.3.

In a separate but related order addressing the

defendants' motion for summary judgment, this court applied the

second prong of *Williamson County*, concluding:

Under *Williamson*, Bridge's takings claims
ripened on June 7, 2011, when Bridge satisfied
the second prong by availing itself of state
procedures for seeking just compensation. On

8

that date, Bridge filed its Complaint in state
court, which included its state and federal
takings claims.

The first prong of *Williamson* was earlier
satisfied on April 25, 2011, when the LUC entered
an order adopting the proposed findings of fact,
conclusions of law, and decision and order
reverting the land to its agricultural use
classification.

*Bridge Aina Le'a, LLC v. Haw. Land Use Comm'n*, Civ. No. 11-00414

SOM-BMK, 2016 WL 797567, at *7 (D. Haw. Feb. 29, 2016).

The State did not specifically raise the issue of

ripeness in its moving papers in the present case, and this

court, noting that DW had not been a party to the earlier

related case, offered the parties a chance to address any

potential jurisdictional issues. Both DW and the State took the

position that there was no jurisdictional bar to this court's

proceeding, and asked this court to go forward with the hearing.

This court has satisfied itself that it has subject

matter jurisdiction over this case and that the federal takings

claim is ripe for review.

No determination has occurred with respect to what, if

any, just compensation DW is entitled to. As this court has

previously opined on the issue of ripeness, "The absence of such

a determination does not necessarily mean that this court is

barred from considering [DW's] takings claims." *See Bridge Aina

Le'a, LLC*, 125 F. Supp. 3d at 1061 n.3. The *Williamson County*

state exhaustion requirement raises prudential concerns and does not implicate this court's Article III subject matter jurisdiction. *See Suitum v. Tahoe Reg'l Planning Agency*, 520 U.S. 725, 734 n.7 (1997) (describing *Williamson County* requirements as "prudential hurdles" distinct from Article III jurisdictional requirements). This court therefore may exercise its discretion to consider the alleged takings claims if warranted by "the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Thomas*, 220 F.3d at 1141-42.

The Ninth Circuit has not expressly opined on whether the second prong of *Williamson County* is satisfied when a defendant removes a takings claim from state court to federal court. The circumstances of this case make it particularly appropriate for this court to address the takings claims now. First, although the present case has not been pending for very long, the takings claims stem from actions that occurred many years ago. In *Sherman v. Town of Chester*, 752 F.3d 554, 564 (2d Cir. 2014), the Second Circuit noted that the "removal maneuver prevents [plaintiff] from litigating his federal takings claim until he finishes litigating his state law claim for compensation" and from "pursuing both claims simultaneously." Second, if this court were to dismiss the federal takings claim

10

as not yet ripe under *Williamson County*, DW might well be constrained in later litigating its federal takings claim. That is, if the removed federal claim were dismissed for lack of subject matter jurisdiction and the state claim ended up being adjudicated by either a state or federal court, the resulting judgment might have a collateral estoppel effect on the federal claim. The only alternative would be the costly option of piecemeal litigation. *See San Remo Hotel, L.P. v. City & Cty. of San Francisco*, 545 U.S. 323 (2005); *Sansotta v. Town of Nags Head*, 724 F.3d 533, 545 (4th Cir. 2013) ("[R]efusing to apply the state-litigation requirement in this instance ensures that a state or its political subdivision cannot manipulate litigation to deny a plaintiff a forum for his claim.").

Here, the State, which raises no ripeness argument, cannot be said to be manipulating the litigation so as to deny DW a forum for its federal takings claim. If this court were to nevertheless decline to hear the takings claim, DW could be prejudiced.

Given the court's concern that the federal takings claim deserves a forum, this court determines that consideration of the federal takings claim is warranted and prudent. This court therefore exercises its discretion to consider the federal takings claim.

11

**B.    The State Waived Sovereign Immunity by Removing
       This Action to Federal Court.**

Before turning to the sufficiency of DW's federal takings allegations, this court notes that the State waived its sovereign immunity by removing the instant action to federal court.  The Eleventh Amendment provides that the "Judicial power of the United States" shall not be construed to extend to any suit commenced against one of the states by its own citizens.  U.S. Const., amend. XI; *Hans v. Louisiana*, 134 U.S. 1 (1890).  A state may waive its Eleventh Amendment immunity from suit.  *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 624 (2002); *Embury v. King*, 361 F.3d 562, 566 (9th Cir. 2004).  A state does so when it removes a case to federal court, regardless of the type of claim (federal or state) asserted.  *Embury*, 361 F.3d at 566.  Removal results from a "voluntary invocation of a federal court's jurisdiction" sufficient to waive immunity.  *Lapides*, 535 U.S. at 624.  The Supreme Court has explained:

> It would seem anomalous or inconsistent for a State both (1) to invoke federal jurisdiction, thereby contending that the "Judicial power of the United States" extends to the case at hand, and (2) to claim Eleventh Amendment immunity, thereby denying that the "Judicial power of the United States" extends to the case at hand.

*Id.* at 622.

The State voluntarily invoked this court's jurisdiction by removing this case from state court. The State appears to agree that it waived sovereign immunity, as it does not mention the Eleventh Amendment in its moving papers. Having determined that this court has subject matter jurisdiction and that the State has waived sovereign immunity, the court turns to the sufficiency of the takings allegations.

### C. DW's Federal Takings Claim.

#### 1. DW's Federal Takings Claim Is Not Brought Pursuant to 42 U.S.C. § 1983.

Section 1983 states in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable . . . .

42 U.S.C. § 1983.

To succeed on a § 1983 claim, a plaintiff must show that a person acted under color of state law and deprived the plaintiff of rights secured by the Constitution or federal statutes. *Long v. Cty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). What is clear is that states are not persons for purposes of § 1983. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997). The Supreme Court noted:

>We observe initially that if a State is a
>"person" within the meaning of § 1983, . . . .
>[t]hat would be a decidedly awkward way of
>expressing an intent to subject the States to
>liability.  At the very least, reading the
>statute in this way is not so clearly indicated
>that it provides reason to depart from the often-
>expressed understanding that "in common usage,
>the term 'person' does not include the sovereign,
>[and] statutes employing the [word] are
>ordinarily construed to exclude it."  *Wilson v.
>Omaha Tribe*, 442 U.S. 653, 667 (1979) (quotations
>omitted) . . . .  This common usage of the term
>"person" provides a strong indication that
>"person" as used in § 1983 likewise does not
>include a State.

*Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989).

"Since this Court has construed the word 'person' in a § 1983

action to exclude States, neither a federal court nor a state

court may entertain a § 1983 action against such a defendant."

*Howlett v. Rose*, 496 U.S. 356, 376 (1990).

In its moving papers, the State notes that DW's

federal takings claim "cannot be brought pursuant to § 1983

because the State is not a 'person' for purposes of that

statute."  ECF No. 5-1, PageID # 47; Reply, ECF No. 14, PageID

# 166-67.  DW concedes that "it is undisputed that DW is legally

prohibited from commencing a § 1983 action against the State of

Hawaii or the Land Use Commission since the State can never be

deemed a 'person' under § 1983."  *Id.*, PageID # 92; *see also*

*Will*, 491 U.S. at 66 (holding that "neither a State nor its

officials acting in their official capacities are 'persons'

under § 1983"). DW thus does not bring its federal takings claim pursuant to § 1983.

>    **2.    Even If DW May Assert Its Federal Takings Claim Against the State Directly Under the Fifth Amendment of the United States Constitution, DW's Federal Takings Claim Is Time-Barred.**

DW asserts that its federal takings claim is necessarily brought "directly" under the United States Constitution, precisely because 42 U.S.C. § 1983 is inapplicable. Memorandum in Opposition, ECF No. 12, PageID #s 86, 92-94. This court agrees that DW may proceed directly under the Constitution. In so stating, this court is not overlooking the Ninth Circuit's repeated statements that "[t]akings claims must be brought under § 1983." *Hacienda Valley Mobile Estates v. City of Morgan Hill*, 353 F.3d 651, 655 (9th Cir. 2003); *Golden Gate Hotel Ass'n v. City & Cty. of San Francisco*, 18 F.3d 1482, 1486 (9th Cir. 1994) ("[A]ll claims of unjust taking [ha]ve to be brought pursuant to Section 1983" (citing *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992))); *see, e.g., also Daniel v. Cty. of Santa Barbara*, 288 F.3d 375, 378 (9th Cir. 2002) (concerning § 1983 claim "alleging a violation of the Takings Clause of the federal Constitution"). In short, the Ninth Circuit has held that a plaintiff has no takings claim directly under the United

States Constitution. *Azul-Pacifico, Inc.*, 973 F.2d at 705. These cases, however, notably involved alleged takings by municipalities, not states.

A federal takings claim against a state falls within a murky area of the law. On the one hand, the Ninth Circuit has clearly held that a plaintiff is required to bring a federal takings claim under § 1983 and has no cause of action directly under the Takings Clause of the Fifth Amendment, which provides, "[N]or shall private property be taken for public use, without just compensation." *See id.* On the other hand, a plaintiff cannot bring a federal takings claim under § 1983 against a state because a state is not a "person." *See Will*, 491 U.S. at 64. This dichotomy raises the question of whether a plaintiff can sue a state or state entity for an alleged regulatory taking at all.

Although the Eleventh Amendment may have been the foundation for judicial holdings that a state is not a "person" for purposes of § 1983, the scope of liability under § 1983 and the scope of the Eleventh Amendment are "separate issues," even if closely related. *Will*, 491 U.S. at 64. The ultimate issue in the statutory inquiry is whether a specific statute provides for a state to be sued, whether in state or federal court. The ultimate issue in the Eleventh Amendment inquiry is whether an

*unconsenting* state can be sued in federal court under a specific statute. *Vt. Agency of Nat. Res. v. Stevens*, 529 U.S. 765, 779 (2000).

This court has found no case indicating that a state may be sued under § 1983 based on its waiver of sovereign immunity. *See Will*, 491 U.S. at 64. Indeed, some courts have reasoned that "*even* if the state waives its Eleventh Amendment immunity in a § 1983 action, it is still not subject to suit because it is not a 'person' under § 1983." *Osterloh v. ARDC*, No. 8:CV-95-00001, 1996 WL 885548, at *3 n.3 (D. Neb. Apr. 22, 1996); *see also Jude v. Morrison*, 534 F. Supp. 2d 1365, 1369 (N.D. Ga. 2008) (dismissing § 1983 claims against defendants in their official capacities because they were not persons, not because of Eleventh Amendment immunity).

This court is left with the question of whether a federal takings claim against a state may indeed be brought directly under the Constitution, because disallowing such action would leave an aggrieved landowner with no federal remedy. There is no clear answer in controlling law. *See Spoklie v. Montana*, 411 F.3d 1051, 1058 (9th Cir. 2005) (declining to address "whether a state may be sued for damages under the Takings Clause of the Fifth Amendment in the absence of its consent"). *Compare First English Evangelical Lutheran Church v.*

17

*Cty. of Los Angeles*, 482 U.S. 304, 316 n.9 (1987) (finding that, notwithstanding "principles of sovereign immunity," the Constitution "dictates" a damages remedy in takings cases, but not specifically addressing whether suits against states for damages may be maintained in takings cases consistent with the Eleventh Amendment), *with Broughton Lumber Co. v. Columbia River Gorge Comm'n*, 975 F.2d 616, 619-20 (9th Cir. 1992) (applying Eleventh Amendment to takings claim against state).

Fortunately for this court, it need not determine whether or when a state may be sued in federal court directly under the United States Constitution. DW clearly raises a federal question by asserting an unconstitutional taking in violation of the Fifth Amendment. Especially given the State's waiver of any Eleventh Amendment immunity, the complicated legal issue discussed above goes to whether DW states a claim, not to whether this court has subject matter jurisdiction.

Even if DW may pursue federal takings claims directly under the Constitution, such claims are time-barred. This time bar is so clear from the Complaint that the State justifiably raises its affirmative defense at the earliest opportunity in this case.

The State asserts that either Haw. Rev. Stat. § 657-7 or Haw. Rev. Stat. § 661-5 applies to DW's federal takings

18

claims.  ECF No. 5-1, PageID #s 46-49.  Both statutes impose a
two-year period within which to assert claims.  Under either
statute of limitations, DW's federal takings claim is time-
barred.

In *Wilson v. Garcia*, 471 U.S. 261, 276, 280 (1985),
the United States Supreme Court held that § 1983 claims are best
characterized as tort actions for personal injuries and that
federal courts must borrow the statute of limitations governing
personal injury actions in the state in which the action is
brought.  The Court reaffirmed this rule in *Owens v. Okure*, 488
U.S. 235, 249-51 (1989).  To the extent a takings claim is akin
to a § 1983 claim, the tort limitations period applies.  *See*
*Hacienda Valley Mobile Estates*, 353 F.3d at 655 (applying
California statute of limitations for personal injury torts to
plaintiff's takings claim under § 1983).

The Ninth Circuit has recognized that § 1983 claims
and *Bivens* claims are both "claims invoking the Constitution
directly by a practical concern."  *See Van Strum v. Lawn*, 940
F.2d 406, 410 (9th Cir. 1991).  This court similarly recognizes
that there is no substantive distinction between a federal
regulatory takings claim brought against a city, county, or
municipality under § 1983 and a federal regulatory takings claim
that might be brought against a consenting state entity directly

under the federal Constitution.  Any federal regulatory takings claim seeks monetary damages arising from some regulatory action that allegedly violated a plaintiff's rights under the Fifth Amendment's Takings Clause.  There is no reason that a § 1983 takings claim against a city should be subject to a limitations period shorter or longer than a takings claim against a state. A § 1983 claim is subject to Hawaii's two-year tort statute. *See Pele Def. Fund v. Paty*, 73 Haw. 578, 595, 837 P.2d 1247, 1259 (1992).  A federal takings claim, whether brought under § 1983 or directly under the Constitution, should be subject to the same limitations period.

Pursuant to Haw. Rev. Stat. § 657-7, personal injury actions are subject to a two-year limitations period.  That statute provides, "Actions for the recovery of compensation for damage or injury to persons or property shall be instituted within two years after the cause of action accrued, and not after, except as provided in section 657-13."  This "general personal injury" provision applies to § 1983 actions.  *Pascual v. Matsumura*, 165 F. Supp. 2d 1149, 1151 (D. Haw. 2001); *see also Pele Def. Fund*, 73 Haw. at 595, 837 P.2d at 1259 ("We hold that the two-year statute of limitations set forth in HRS § 657-7 governs § 1983 actions.").  It therefore follows that this

general personal injury statute of limitations applies to actions brought against a state for an alleged taking.

The Land Use Commission reached a final decision regarding the alleged regulatory taking when it entered its order on April 25, 2011, returning the land to an agricultural use classification.  For purposes of the present motion, the parties concede that the date any takings claim accrued is April 25, 2011.  ECF No. 5-1, PageID #s 43; ECF No. 12, PageID # 86. That is, the parties look to the date of the Land Use Commission's final decision, not to the date of any court decision addressing the Land Use Commission's action.  DW first availed itself of state procedures for seeking just compensation on February 23, 2017, when it filed the now-removed Complaint in state court.  Because DW's Complaint was filed over two years from the date of the Land Use Commission's decision, which the parties agree is the date the limitations clock started ticking, its federal takings claim is barred by Haw. Rev. Stat. § 657-7.

Alternatively, "[w]hen Congress has not established a time limitation for a federal cause of action, the settled practice has been to adopt a local time limitation as federal law if it is not inconsistent with federal law or policy to do so." *Wilson*, 471 U.S. at 266-67.  DW's claim allegedly arises under the Takings Clause, which contains no limitations period.

This court therefore looks to the most appropriate or analogous state limitation period. *See id.*

Section 661-5 is an alternate limitations statute applicable to DW's federal takings claim. *See Maunalua Bay Beach Ohana 28 v. State*, 122 Haw. 34, 51 n.12, 222 P.3d 441, 458 n.12 (Ct. App. 2009) (applying Haw. Rev. Stat. § 661-5 to landowner's inverse condemnation action challenging constitutionality of act relating to ocean-front land accretion). That statute also provides for a two-year limitations period: "Every claim against the State, cognizable under this chapter, shall be forever barred unless the action is commenced within two years after the claim first accrues." Chapter 661 is titled "Actions by and Against the State," and Haw. Rev. Stat. § 661-1 vests state courts with jurisdiction to hear:

> (1) All claims against the State founded upon any statute of the State; upon any rule of an executive department; or upon any contract, expressed or implied, with the State, and all claims which may be referred to any such court by the legislature; provided that no action shall be maintained, nor shall any process issue against the State, based on any contract or any act of any state officer that the officer is not authorized to make or do by the laws of the State, nor upon any other cause of action than as herein set forth; and
>
> (2) All counterclaims, whether liquidated or unliquidated, or other demands whatsoever on the

part of the State against any person making claim
against the State under this part.

Haw. Rev. Stat. § 661-1.

DW contends that *Maunalua Bay Beach Ohana 28* is
distinguishable because it stands "for the proposition that
before invoking HRS § 661-5, the action must be founded on a
statute, regulation or contract." ECF No. 12, PageID #s 89-90.
DW says that the constitutionality of a statute was being
challenged in *Maunalua Bay Beach Ohana 28*, and it was that
statutory issue that rendered Haw. Rev. Stat. § 661-5
applicable. *Id.*, PageID # 89. DW suggests that, because DW's
claim does not "arise" from any statute, regulation, or
contract, Haw. Rev. Stat. § 661-5 does not apply. *Id.*,
PageID # 90.

The distinction DW draws is unpersuasive. First,
*Maunalua Bay Beach Ohana 28* does not stand for the proposition
that the cause of action must implicate a statute for Haw. Rev.
Stat. § 661-5 to apply. The Intermediate Court of Appeals
simply identified the applicable statute of limitations, Haw.
Rev. Stat. § 661-5, in a footnote when the court recognized that
the plaintiffs filed the complaint "one day shy of two years
from the date of Act 73's enactment." *See Maunalua Bay Beach
Ohana 28*, 122 Haw. at 51 n.12, 222 P.3d at 458 n.12 (relying on
statute of limitations set forth in Haw. Rev. Stat. § 661-5 and

observing when plaintiffs filed complaint).  The footnote does not establish that only statutory challenges fall within section 661-5.

Second, the alleged takings claim in *Maunalua Bay Beach Ohana 28* is no more statutorily based than the present case.  The Intermediate Court of Appeals noted, "In their underlying complaint, Plaintiffs claimed that Act 73 took their right to future accretions and thereby violated article I, section 20 of the Hawaii State Constitution."  *Maunalua Bay Beach Ohana 28*, 122 Haw. at 53, 222 P.3d at 460.  That is, the plaintiffs sought just compensation for the alleged regulatory taking in violation of the Hawaii State Constitution based on the effect of Act 73 on their property rights.  Thus, *Maunalua Bay Beach Ohana 28* involved an inverse condemnation regulatory takings claim, just as this case does.

DW seeks just compensation for an alleged regulatory taking in violation of the Hawaii constitution and United States Constitution.  The taking complained of took the form of the Land Use Commission's reversion of land to its former land use classification without compliance with the requirements of Haw. Rev. Stat. § 205-4(g).  *See DW Aina Le'a Dev., LLC*, 134 Haw. at 191, 339 P.3d at 689.  DW's takings claims, which challenges the Land Use Commission's compliance with a Hawaii statute, is very

24

much like the claim in *Maunalua Bay Beach Ohana 28* challenging Act 73.

Given the similarity of DW's claim to the claim in *Maunalua Bay Beach Ohana 28*, this court concludes that Haw. Rev. Stat. § 661-5 is an alternative statute of limitations applicable to DW's federal takings claim. Section 661-5 imposes a two-year period within which to assert claims. Because DW filed its Complaint more than two years after the accrual date of April 25, 2011, that claim is time-barred under section 661-5.

DW argues that the six-year "catch-all statute" in Haw. Rev. Stat. § 657-1(4) applies to its federal takings claim. ECF No. 12, PageID # 100. That statute applies to cases "of any nature whatsoever not covered by the laws of the State." Analogizing its direct constitutional claim to a *Bivens*-type cause of action, DW relies on *Marshall v. Kleppe*, 637 F.2d 1217 (9th Cir. 1980), and *Tamura v. FAA*, 675 F. Supp. 1221 (D. Haw. 1987).

In *Marshall*, the Ninth Circuit held that a corporation could maintain a direct civil rights claim under the Fifth Amendment and that such a claim fell under California's four-year catch-all statute of limitations. 637 F.2d at 1224. However, *Marshall* is no longer good law. *See Londono v. U.S.*

25

*Customs Serv.*, 60 F.3d 833 (9th Cir. 1995) (recognizing that *Marshall* was overruled by *Van Strum*).

In *Van Strum*, the Ninth Circuit considered the Supreme Court's decision in *Wilson v. Garcia*, 471 U.S. 261 (1985), *superseded by statute as stated in Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004), which held that § 1983 claims were best characterized as personal injury tort actions such that a governing state personal injury statute of limitations applied. *Van Strum*, 940 F.2d at 408-10. Contrary to its analysis and decision in *Marshall*, the Ninth Circuit concluded that a state's personal injury statute of limitations applied to "claims invoking the Constitution directly by a practical concern," including both § 1983 and *Bivens* claims. *Id.* at 410.

Recognizing that actions under § 1983 and *Bivens* "are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*," *id.* at 409, the Ninth Circuit adopted the reasoning of the Seventh Circuit, as well as the Sixth and Second Circuits, which had applied *Wilson* to direct suits under the Constitution:

> There is no reason to have a different period of
> limitations, and a strong reason not to: any
> difference would give the plaintiff an incentive
> to pick whichever jurisdiction provided the
> longer period, recreating the uncertainty that
> the Supreme Court sought to eliminate. We

26

conclude, therefore, that there should be a
single period of limitations for all suits in
which the Constitution supplies the remedy.

*Id.* at 410 (quoting *Bieneman v. City of Chicago*, 864 F.2d 463,
469 (7th Cir. 1988)); *see also Chin v. Bowen*, 833 F.2d 21, 23-24
(2d Cir. 1987); *McSurely v. Hutchinson*, 823 F.2d 1002, 1004-1005
(6th Cir. 1987). Accordingly, the Ninth Circuit held that a
state's personal injury statute of limitations applied to *Bivens*
claims. *Van Strum*, 940 F.2d at 410.

DW also relies on *Tamura v. FAA*, 675 F. Supp. 1221 (D.
Haw. 1987), in arguing that a six-year limitations period
applies to its federal takings claim. Issued before *Van Strum*,
*Tamura* applied *Marshall*'s reasoning in determining that Hawaii's
catch-all statute of six years, Haw. Rev. Stat. § 657-1(4), did
not bar the plaintiffs' constitutional claims, or "*Bivens* type
actions." *Id.* at 1224-25. Because *Van Strum* overruled *Marshall*
several years after *Tamura* was decided, this court does not
adopt the reasoning of *Tamura*.

In sum, this court concludes that either Haw. Rev.
Stat. § 657-7 or Haw. Rev. Stat. § 661-5 applies to DW's federal
takings claim against the State. Under either of these
provisions, DW failed to timely assert its claim.[2] Accordingly,

---

[2] Neither party presents any reason for tolling the
statute of limitations, and this court sees nothing in the
record that supports such tolling.

to the extent DW states a plausible federal takings claim, DW's
federal claim against the State is dismissed as time-barred.

### D. DW's State Takings Claim.

#### 1. The Court Has Supplemental Jurisdiction Over the Remaining State Takings Claim.

Supplemental jurisdiction over state-law claims exists
when a federal claim is sufficiently substantial to confer
federal jurisdiction, and there is "a common nucleus of
operative fact between the state and federal claims." *Brady v.
Brown*, 51 F.3d 810, 816 (9th Cir. 1995) (citing *Gilder v. PGA
Tour, Inc.*, 936 F.2d 417, 421 (9th Cir. 1991)); *see also* 28
U.S.C. § 1367. This court may decline to exercise supplemental
jurisdiction over a state law claim if: (1) the claim raises a
novel or complex issue of state law; (2) the state law claim
substantially predominates over the claim or claims over which
the district court has original jurisdiction; (3) the district
court has dismissed all claims over which it has original
jurisdiction; or (4) in exceptional circumstances, there are
other compelling reasons for declining jurisdiction.
28 U.S.C. § 1367.

Supplemental jurisdiction is a doctrine of discretion,
not of a plaintiff's right. *City of Chicago v. Int'l Coll. of
Surgeons*, 522 U.S. 156, 172 (1997); *United Mine Workers of Am.
v. Gibbs*, 383 U.S. 715, 726 (1966); *Maltzman v. Friedman*, 103

F.3d 139 (9th Cir. 1996) ("[T]he doctrine of supplemental jurisdiction is a flexible one, giving a district court the power to exercise supplemental jurisdiction over a claim and the discretion whether to exercise such jurisdiction."). Generally, when, as here, "the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *Gibbs*, 383 U.S. at 726. Although the Supreme Court later noted that such a dismissal is not "a mandatory rule to be applied inflexibly in all cases," it also recognized that, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine--judicial economy, convenience, fairness, and comity-- will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

The present case is not the usual case in which the court, having disposed of any federal claim, should decline to exercise supplemental jurisdiction. Having ruled on various motions in a related case arising out of the same facts and circumstances as this case, this court is very familiar with the various takings issues. *See Bridge Aina Le'a, LLC v. Haw. Land Use Comm'n,* 125 F. Supp. 3d 1051 (D. Haw. Aug. 25, 2015); *Bridge*

*Aina Leʻa, LLC v. Haw. Land Use Comm'n*, Civ. No. 11-00414 SOM-
BMK, 2016 WL 797567 (D. Haw. Feb. 29, 2016).  This court also
notes that the Complaint was removed, not filed directly in
federal court.  Dismissing or remanding the state takings claim
would delay resolution of an already aged claim; dismissal would
have the added detriment of requiring DW to pay a new filing fee
if, pursuant to 28 U.S.C. § 1367(d), it decided to refile its
state claim in state court.  Under the present circumstances,
the balance of judicial economy, convenience, fairness, and
comity weighs in favor of this court's exercise of supplemental
jurisdiction over the remaining state takings claim.

### 2.    DW's State Takings Claim Is Time-Barred.

The State argues that all claims asserted against it
are generally subject to a two-year limitations period.  ECF No.
5-1, PageID # 44.  Section 661-5 provides, "Every claim against
the State, cognizable under this part, shall be forever barred
unless the action is commenced within two years after the claim
first accrues[.]"  The State asserts that any takings claim
brought against it falls within this general rule.  ECF No. 5-1,
PageID # 44.  Under Haw. Rev. Stat. § 661-5, DW's state takings
claim is time-barred.

As discussed in the previous section, the Intermediate
Court of Appeals referred to Haw. Rev. Stat. § 661-5 as the

30

appropriate statute of limitations in an inverse condemnation claim brought under state law. *See Maunalua Bay Beach Ohana 28*, 122 Haw. at 51 n.12, 222 P.3d at 458 n.12. As noted in this court's discussion of the federal takings claim, the takings issues in this case are very similar to those in that case. This court has also already rejected DW's arguments for distinguishing *Maunalua Bay Beach Ohana 28* from this case. Under Haw. Rev. Stat. § 661-5, DW had two years, beginning on April 25, 2011, to assert its state takings claim against the State. Because DW waited more than five years to assert its state takings claim, that claim is time-barred.

Alternatively, as noted above with respect to the federal takings claim, Haw. Rev. Stat. § 657-7 also imposes a two-year limitation period. ECF No. 5-1, PageID # 45. The State observes that "compensation" appears in both Haw. Rev. Stat. § 657-7 as it pertains to damage to property, and in Article I, section 20 of the Hawaii constitution, which provides, "Private property shall not be taken or damaged for public use without just compensation."

For the same reasons discussed above with respect to the federal takings claim, this court rejects DW's contention that the six-year limitation in Haw. Rev. Stat. § 657-7 applies to its state takings claim. ECF No. 12, PageID # 104.

Under either Haw. Rev. Stat. § 661-5 or § 657-7, DW's state takings claim is time-barred.

**V.**      **CONCLUSION.**

The motion to dismiss is granted.  DW's federal and state takings claims are dismissed.

The Clerk of Court is directed to enter judgment for the State and to close this case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 13, 2017.



/s/ Susan Oki Mollway

Susan Oki Mollway
United States District Judge

*DW Aina Le'a Development, LLC v. State of Hawaii, Land Use Commission; State of Hawaii and DOE Governmental Units 1-10*, Civ. No. 17-00113 SOM-RLP; Order Granting Defendant's Motion to Dismiss.