IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DW AINA LE`A DEVELOPMENT, LLC, | ) ) ) | Civil NO. 17-00113 SOM-WRP |
| Plaintiff, | ) ) ) | ORDER DENYING REQUEST TO AMEND EXPERT DISCLOSURE DEADLINE |
| vs. | ) ) | |
| STATE OF HAWAII, LAND USE COMMISSION; STATE OF HAWAII; and DOE GOVERNMENTAL UNITS 1-10, | ) ) ) ) | |
| Defendants. | ) ) ) ) | |

**ORDER DENYING REQUEST TO AMEND EXPERT DISCLOSURE DEADLINE**

This case, filed in 2017, involves a claim by Plaintiff DW Aina Le`a Development, LLC ("DW"), that Defendants State of Hawaii and State of Hawaii Land Use Commission (collectively, "Hawaii") committed a temporary regulatory taking.

On November 4, 2021, this court set April 18, 2022, as DW's expert disclosure deadline. The court set June 17, 2022, as Hawaii's expert disclosure deadline. The court set the deadline for rebuttal expert disclosures 45 days after the disclosure by the other party. *See* Second Amended Rule 16 Scheduling Order, ECF No. 68, PageID #s 491-92.

On May 24, 2022, this court held a hearing on multiple motions, including Hawaii's motion for summary judgment. The following day, May 25, 2022, this court filed a written order granting that summary judgment request. At the time of that

ruling, DW's expert disclosure deadline had passed but Hawaii's expert disclosure deadline had not yet passed.  Plaintiffs appealed, and the Ninth Circuit reversed in an order dated July 19, 2023.

After the mandate issued, this court held a status conference with the parties.  *See* ECF No. 123.  At this status conference, the court set a trial date of March 12, 2024, taking into account the age of this case.  *See* Transcript of Proceedings, ECF No. 155, PageID #s 3988-89.  The court set November 17, 2023, as the discovery cut-off.  Because DW's expert disclosure deadline had already passed before the court issued its summary judgment order, the court declined to resurrect that deadline.  *Id.*, PageID #s 3990-91.  By contrast, Hawaii's expert disclosure deadline had not passed when the court granted summary judgment in Hawaii's favor, so this court gave Hawaii a new expert disclosure deadline of October 25, 2023.  *Id.*, PageID # 3991.  The court stated that "deadlines that have passed before I ruled will remain closed."  *Id.*, PageID #s 3992-93.

DW "begg[ed]" the court to extend its expert disclosure deadline, arguing that because it had to spend time opposing the summary judgment motion, it had not disclosed experts other than Robert J. Wessels.  The Wessels disclosure had not occurred until April 20, 2022, two days after the deadline.  *See* ECF No. 145.  The court responded, "I'm not going to do it.  I hear you, but I

2

actually don't hear a good reason for me to give new deadlines for matters that already passed."  *Id.*, PageID #s 3990-92.

On November 14, 2023, DW filed a motion seeking to add a party and to amend the expert disclosure deadline.  *See* ECF No. 148.  The court bifurcates its consideration of that motion, and this order addresses only DW's request to amend the expert disclosure deadline.  The court will adjudicate DW's request to add a party in a separate order.

Rule 26 of the Federal Rule of Civil Procedure requires a party to disclose the identity of any expert witness it may use at trial.  Fed. R. Civ. P. 26(a)(2)(A).  "A party must make [its expert] disclosures at the times and in the sequence that the court orders."  Fed. R. Civ. P. 26(a)(2)(D).  This court ordered DW to disclose its experts no later than April 18, 2022.  Under Rule 16(b)(4) of the Federal Rules of Civil Procedure, this scheduling order deadline "may be modified only for good cause and with the judge's consent."  "The pretrial schedule may be modified if it cannot reasonably be met despite the diligence of the party seeking the extension.  If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted."  *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (citations and quotation marks omitted).

Here, DW fails to show good cause to modify the expert

3

disclosure deadline.  This case was filed in 2017.  DW's expert disclosure deadline was set for April 18, 2022, more than five years later.  DW had ample time to identify expert(s) and to disclose their opinions.  Its failure to do so by the deadline does not demonstrate "good cause."  Nor does DW demonstrate "good cause" by saying that counsel was busy with a summary judgment motion in this case right before the deadline.  As this court stated at the status conference, "Most attorneys can walk and chew gum at the same time and usually have more than one case that they're juggling at the same time, so I'm not persuaded." ECF No. 155, PageID # 3993.  DW has not demonstrated that it was diligent with respect to meeting its expert disclosure deadline.

DW additionally argues that, under Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure, "When an act may or must be done within a specified time, the court may, for good cause, extend the time: . . . (B) on motion made after the time has expired if the party failed to act because of excusable neglect." Even assuming that rule applies, DW's lack of diligence shows neither "good cause" nor "excusable neglect."

"To determine whether a party's failure to meet a deadline constitutes 'excusable neglect,' courts must apply a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the

4

delay; and (4) whether the movant acted in good faith." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010). As noted above, DW did not have a good reason for its lack of diligence in complying with the expert disclosure deadline. Having to oppose a summary judgment motion and to conduct discovery does not justify ignoring an expert disclosure deadline. Allowing DW to amend that deadline at this late juncture would severely affect proceedings in this case. The discovery deadline has passed, and trial is set for March 12, 2024. Both of those deadlines would likely need to be modified if the court were to allow DW to amend the expert disclosure deadline. Hawaii may also be prejudiced, as it has moved for summary judgment, arguing that DW lacks expert testimony regarding damages. If the court were to grant DW's request, one or more of the motions now pending before this court would need to be continued. Hawaii would also be prejudiced by having to pay its expert(s) to redo their reports, which have already been completed. Under these circumstances, DW fails to show why this court should modify the scheduling order.

Accordingly, DW's request to modify its expert disclosure deadline, part of ECF No. 148, is denied. Under this order, DW may not add any new expert witness to testify in DW's case in chief. The court will separately address what, if any, expert testimony Wessels may present, a matter raised in a

pending motion in limine.  Disclosed two days late in 2022, Wessels proposes to testify as a nonretained expert witness.  The brevity of that tardiness, Wessel's status as a DW principal, and the substance of Wessel's proposed testimony will be taken into account in a separate order.

The present order does not bar DW's rebuttal expert, Paul H. Brewbaker, timely disclosed on November 14, 2023.  However, any expert testimony by Brewbaker that the court may allow must be limited to actual rebuttal.  Brewbaker may not freely testify to matters that DW should have presented in its case in chief, unless Hawaii introduces evidence going to such matters that DW seeks to rebut.  *See* ECF No. 159; *Int'l Bus. Machines Corp. v. Fasco Indus., Inc.*, 1995 WL 115421, at *3 (N.D. Cal. Mar. 15, 1995) ("the additional experts' testimony is limited to rebutting or contradicting the expert testimony initially designated by the opposing party.  The supplemental or 'rebuttal' experts cannot put forth their own theories; they must restrict their testimony to attacking the theories offered by the adversary's experts.  In this respect, a party can control the scope of the testimony of its adversary's rebuttal experts by limiting its own experts' testimony to a given subject matter.  A party who forgoes designating experts on the initial disclosure date will thus find itself in a purely reactive mode, greatly restricted in its ability to offer expert testimony.").

It is so ordered.

DATED: Honolulu, Hawaii, November 27, 2023.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*DW Aina Le`a Development, Llc, v. State of Hawaii, Land Use Commission, et al.*, Civ. No. 17-00113 SOM/WRP; ORDER DENYING REQUEST TO AMEND EXPERT DISCLOSURE DEADLINE