IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DW AINA LE`A DEVELOPMENT, LLC, | ) ) ) | Civil NO. 17-00113 SOM-WRP |
| Plaintiff, | ) ) ) | ORDER DENYING PLAINTIFF'S REQUEST TO AMEND COMPLAINT TO ADD AINA LE`A, INC., AS A |
| vs. | ) ) | PARTY OR TO ASSERT THE CLAIMS OF AINA LE`A, INC. |
| STATE OF HAWAII, LAND USE COMMISSION; STATE OF HAWAII; and DOE GOVERNMENTAL UNITS 1-10, | ) ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

**ORDER DENYING PLAINTIFF'S REQUEST TO AMEND COMPLAINT TO ADD AINA LE`A, INC., AS A PARTY OR TO ASSERT THE CLAIMS OF AINA LE`A, INC.**

**I.    INTRODUCTION.**

This case, filed in 2017, involves a claim by Plaintiff DW Aina Le`a Development, LLC ("DW"), that Defendants State of Hawaii and State of Hawaii Land Use Commission (collectively, "Hawaii") committed a temporary regulatory taking. On January 23, 2023, DW filed a motion that in part sought to add Aina Le`a Inc. as a party or to allow DW to pursue Aina Le`a's claims based on a purported assignment of those claims to DW after the Complaint in this matter was filed. *See* ECF No. 148. The court denies the motion. Because this court denied the other part of that motion in a separate order, the Clerk of Court is now directed to terminate the entire motion.

**II.      BACKGROUND.**

The background facts are largely undisputed and have been set forth in earlier orders issued by this court, the Ninth Circuit, and the Hawaii Supreme Court. The facts set forth here are intended only to provide context for the present ruling.

In November 1987, Signal Puako Corporation petitioned the State of Hawaii Land Use Commission ("LUC") to reclassify 1,060 acres of land in South Kohala from agriculture to urban. *See In re. Signal Puako Corp.*, Findings of Fact, Conclusions of Law, and Decision and Order, ECF No. 142-3, PageID # 3227.  On January 17, 1989, the LUC granted that petition, subject to eleven conditions, including the requirement that 60 percent of the housing units that an urban classification would allow Signal Puako to develop would be affordable housing.  *See* ECF No. 142-3, PageID #s 3263-66; *Bridge Aina Le`a, LLC, v. State of Hawaii Land Use Commission, et al.*, 950 F.3d 610, 619 (9th Cir. 2020); *DW Aina Le`a Dev., LLC, v. State of Hawaii, Land Use Comm'n*, 2022 WL 1665311, at *2 (D. Haw. May 25, 2022); *DW Aina Le`a Dev., LLC, v. Bridge Aina Le`a, LLC., et al.*, 134 Haw. 187, 192, 339 P.3d 685, 690 (2014).

At some point, Signal Puako sold 3,000 acres of land, including the reclassified 1,060 acres, to Puako Hawaii Properties.  In 1999, Puako Hawaii conveyed the 3,000 acres to Bridge Puako, LLC, the predecessor to Bridge Aina Le`a, LLC.  *See*

2

Deed with Covenants, Conditions and Restrictions, ECF No. 142-6; *Bridge Aina Le`a*, 950 F.3d at 619. Bridge then petitioned the LUC to amend the reclassification order to reduce the requirement that 60 percent of the housing be affordable. *See In re Bridge Aina Le`a, LLC, et al.*, Findings of Fact Conclusions of Law, and Decision and Order granting Petitioner's Motion to Amend Condition, ECF No. 142-5, PageID #s 3342-43; *Bridge Aina Le`a*, 950 F.3d at 619-20; *DW Aina Le`a*, 134 Haw. at 194, 339 P.3d at 692. The LUC granted that petition, requiring at least 385 affordable housing units that would "meet or exceed all applicable County of Hawai`i affordable housing standards." *See* ECF No. 142-5, PageID # 3350; *Bridge Aina Le`a*, 950 F.3d at 620.

In February 2009, Bridge agreed to sell the 1,060 acres to DW Aina Le`a Development ("First Agreement"). *See* ECF No. 142-8; *Bridge Aina Le`a*, 950 F.3d at 620. The First Agreement was broken into an affordable housing parcel (closing date of June 1, 2009), a residential parcel (closing date of September 30, 2009), and a retail parcel (closing date of October 31, 2009). *See* ECF No. 142-8, PageID #s 3419-22, 3429. The sale also included a leasehold interest in the Ouli Water Wells. *See* ECF No. 142-8, PageID # 3422.

On December 11, 2009, DW assigned to Aina Le`a, LLC, DW's rights under the First Agreement with respect to the affordable housing parcel. *See* ECF No. 142-9, PageID # 3440. At

3

the same time, Bridge conveyed the affordable housing parcel to Aina Le`a.  *See* ECF No. 142-10.

On April 25, 2011, after a series of motions and hearings, the LUC entered findings of fact and conclusions of law that reverted the land to agricultural use, meaning that the housing planned by DW was no longer permitted.  *See* ECF No. 142-12, PageID #s 3603-04, 3608; *DW Aina Le`a*, 134 Haw. at 203-05, 339 P.3d at 701-03.  Bridge and DW appealed the reversion order to state court.  See ECF No. 142-14.

In January 2012, while the appeal was pending, DW assigned its right to purchase the residential property to Aina Le`a, LLC.  *See* ECF No. 142-15; ECF No. 171, PageID # 4410.  At that time, DW was the sole member of Aina Le`a.  *See* ECF No. 142-15, PageID # 3637.  At some point in 2012, Aina Le`a, LLC, was converted to Aina Le`a, Inc.  *See* ECF No. 142-17, PageID # 3671.  According to the "Second Amendment to Purchase/Transfer Agreement Between DW Aina Le`a Development, LLC and Aina Le`a, Inc.," purportedly dated January 29, 2021, but actually drafted in March 2022 (as discussed further below), DW assigned its interest in the First Agreement to Aina Le`a in January 2012 in exchange for what DW describes as "a $17 million profit participation interest from the development and sale of lots and homes in 'The Villages of Aina Le`a.'"  ECF No. 88-5, PageID # 2653.  This post-dated document does not actually establish that DW had a $17 million

4

profit sharing interest, as opposed to a $17 million unsecured note.

On June 15, 2012, the state circuit court (a trial court) invalidated the LUC's order on procedural grounds. *See* ECF No. 173, PageID # 4462 (admitting same).

In earlier litigation in this court, Bridge had asserted regulatory takings claims based on circumstances related to those in issue here. The Ninth Circuit ruled that the alleged temporary regulatory taking began when the written LUC order issued in April 2011 and lasted only until June 2012, when the state trial court reversed that order. *Bridge*, 950 F.3d at 631-32.

On October 16, 2015, which was after the Hawaii Supreme Court's decision in *DW Aina Le`a* but before the Ninth Circuit's decision in *Bridge*, Bridge sold the residential property to Aina Le`a, Inc. *See* Purchase and Sale Agreement for Residential Property at Aina Le`a, ECF No. 142-13 (Oct. 16, 2015); *see also* Limited Warranty Deed, ECF No. 142-14 (recorded in the State of Hawaii Bureau of Conveyances on Nov. 17, 2015). The parties agreed that this second agreement concerning the sale of the residential property ("Second Agreement") superseded the First Agreement. *See* ECF No. 142-13, PageID # 3619. The Second Agreement closed on November 17, 2015. *See* ECF No. 142-16.

In December 2015, DW and Aina Le`a executed an

5

agreement stating, "DW Aina Le`a Development, LLC will have no further interest in 'The Villages of Aina Le`a' except to transfer any permits or approvals into the name of Aina Le`a Inc." ECF No. 142-17.

On June 22, 2017, Aina Le`a, Inc., filed for chapter 11 bankruptcy. *See* ECF No. 72-39, PageID # 1615. On May 24, 2019, the bankruptcy court approved a plan reorganizing Aina Le`a. *See generally* ECF No. 72-39. In that order, the Bankruptcy Court stated that Aina Le`a retained:

> All Rights of Action that were or could be asserted by the Debtor's predecessor-in-interest, DW Aina Le`a Development, LLC [in this action] based on the decision and order by Defendants to reclassify the Debtor's land from urban classification to agricultural classification in violation of Plaintiff's constitutional and other rights.

ECF No. 72-39, PageID # 1667; *see also* 2022 WL 1665311, at *5 n.5 (describing a typographical error but noting that the parties did not dispute that the Bankruptcy Court intended to refer to this action).

On March 10, 2022, in opposing an earlier summary judgment motion filed in the present case, DW submitted a document bearing a date of January 29, 2021, which stated, "Aina Le`a, Inc. assigns to DW Aina Le`a Development LLC the right to bring any and all claims against the State as alleged in the Action." The claims included the regulatory takings claim asserted in this case. ECF No. 88-5, PageID #s 2653-54. DW

6

later admitted that this document had actually been drafted in March 2022, during the pendency of the motion for summary judgment, not on the date in 2021 typed on the document. DW claimed, however, that the agreement memorialized a January 2021 agreement. *See* ECF No. 93, PageID # 2673.

This history, along with the Bankruptcy Court's determination that Aina Lea owned any temporary regulatory takings claim that was or could have been asserted by DW arising out of the reversion, caused this court to conclude in a summary judgment order that DW had no right to assert its present takings claim when it filed this case in 2017. See ECF No. 1-2.

In that earlier summary judgment motion, Hawaii had argued that DW did not have a constitutionally protected property interest that was taken. In response, DW identified three separate property interests that it claimed had been taken: 1) a contractual right to develop the residential property under a joint development agreement; 2) a leasehold interest in the Ouli Wells; and 3) a right to possess the residential property. *See* 2022 WL 1665311, at *8 (D. Haw. May 5, 2022). To the extent DW's takings claim was based on a contractual right to develop the residential property under a joint development agreement, the court granted Hawaii summary judgment, ruling that the Takings Clause did not protect those rights. *See id.*, 2022 WL 1665311, at *8-*10. The court also granted Hawaii summary judgment with

7

respect to any takings claim based on the Ouli Wells, as the reversion order did not affect these rights. *See id.*, 2022 WL 1665311, at \*13-\*14. With respect to DW's alleged right to possess the residential property, the court determined that DW had possibly identified a viable property interest for purposes of its takings claim, but the court ruled that DW lacked standing to pursue that claim.

Under the First Agreement dated February 9, 2009, Bridge agreed to sell the property to DW. *See* ECF No. 142-8. As of the time the temporary takings period ended in June 2012 (when the state trial court reversed the LUC's order), the sale of the residential property to DW had not closed. *See* 2022 WL 1665311, at \*12. This court ruled that, if DW had a right to possess the residential property before closing, it had a protected property interest subject to the Takings Clause. *Id.*, at \*13. Assuming DW had such an interest, the court ruled that, because any temporary taking ended before the closing of the sale, "the only property interest that is affected is the right to use the land to produce a profit before the closing." *See id.*, at \* 12. Although the court found questions of fact with respect to DW's right to possess the residential property, the court ruled that DW lacked standing to assert a takings claim based on that right. The court concluded that, before it initiated this action, DW had assigned its takings claim to Aina

8

Le`a and therefore lacked standing. *See id.*, 2022 WL 1665311, at *10-*19.

This court then denied DW's motion seeking leave to amend the Complaint to add Aina Le`a as a party, as Aina Le`a ceased having an interest in the outcome of this action when it assigned whatever interest it had in this action to DW. *See id.*, 2022 WL 1665311, at *19.

On appeal, DW raised two issues:

> 1. Whether the District Court erred in concluding that Appellant's lacks standing to maintain the instant action.
>
> 2. Whether the District Court should have permitted amendment of the scheduling order to permit the Plaintiff-Appellant to add Aina Le'a Inc. as a plaintiff in this action.

Appellant's Opening Brief, No. 22-15858, page 23 of 66 (Oct. 14, 2022). DW did not appeal this court's summary judgment ruling that it could not maintain takings claims based on a contractual right to develop the residential property under a joint development agreement and a leasehold interest in the Ouli Wells. Nor did DW appeal this court's ruling that, with respect to any temporary regulatory taking of the right to possess the residential property before closing, "the only property interest that is affected is the right to use the land to produce a profit before the closing." Accordingly, those determinations may not be challenged on this remand. *See Ortega v. O'Connor*, 50 F.3d 778, 780 (9th Cir. 1995) (holding that an issue decided by a

9

district court but not raised as error on appeal may not be challenged on remand); *see also JGR, Inc. v. Thomasville Furniture Indus., Inc.*, 550 F.3d 529, 532 (6th Cir. 2008) ("A party that fails to appeal an issue waives his right to raise the issue before the district court on remand or before this court on appeal after remand.  The law-of-the case doctrine bars challenges to a decision made at a previous stage of litigation which could have been challenged in a prior appeal, but were not." (alterations, quotation marks, and citation omitted)); *United States v. Escobar-Urrego*, 110 F.3d 1556, 1560 (11th Cir. 1997) ("'Under the law of the case doctrine, a legal decision made at one stage of the litigation, unchallenged in a subsequent appeal when the opportunity existed, becomes the law of the case for future stages of the same litigation, and the parties are deemed to have waived the right to challenge that decision at a later time.'" (quoting *Williamsburg Wax Museum v. Historic Figures*, 810 F.2d 243, 250 (D.C. Cir.1987)).

The Ninth Circuit reversed this court's summary judgment ruling regarding DW's standing to pursue a takings claim, determining that DW had standing because the alleged temporary regulatory taking might have affected the value of the $17 million note that Aina Le`a gave DW.  *See* ECF No. 120 ("DW adequately established that the government's reversion order affected the value of the unsecured note, which is sufficient for

10

Article III standing"). As discussed in this court's earlier summary judgment order, that alleged temporary regulatory taking involved DW's property right to possess the residential property after the First Agreement but before closing. The only property interest that could have been affected in the period was the right to use the land to produce a profit from April 25, 2011 (the date of the LUC's written reversion order), until June 15, 2012 (the date the state trial court reversed the LUC).

**III.   ANALYSIS.**

DW seeks to add Aina Le`a Inc. as a party or to pursue Aina Le`a's claims based on a purported assignment of those claims to DW after the Complaint in this matter was filed. *See* ECF No. 148. The court denies that motion.

First, Aina Lea's property interests are separable from DW's interests. Aina Le`a says that it transferred the property interests that were allegedly taken by Hawaii to DW in 2021 or 2022. This court denied an earlier DW request to add Aina Le`a as a party, reasoning that Aina Le`a no longer had an interest in the outcome of this litigation. *See* 2022 WL 1665311, at *2. Although DW appealed the order by this court that included that denial, the Ninth Circuit did not reverse that particular ruling. *See* ECF No. 120. DW presents no reason for this court to revisit its earlier denial. Under the purported assignment in 2021 or 2022, Aina Le`a no longer has a property interest that was

11

allegedly taken such that Aina Le`a should be in this case. According to the purported assignment, Aina Le`a gave that interest to DW after the Complaint in this action was filed. Aina Le`a therefore cannot be a "real party in interest." Even if DW and Aina Le`a "work together under the same control and management," ECF No. 177, PageID # 4496, they are legally separate entities.

Second, this court considers the possibility that Aina Le`a did not actually assign its regulatory takings claims to DW. Indeed, Hawaii argues that Aina Le`a only clarified that it was transferring to DW the right to bring the claims asserted by DW in this action. Whatever the situation, any attempt by Aina Le`a to assert such claims would now be untimely. The Ninth Circuit has ruled, based on a certified question to the Hawaii Supreme Court, that the statute of limitations for takings claims is six years. *See* ECF No. 27, PageID # 341 ("Applying the six-year statute of limitations, then, DW's state and federal takings claims are timely."). In *Bridge*, the Ninth Circuit determined that the regulatory takings claims based on the same facts began when the written LUC order was issued in April 2011 and lasted only until the state trial court entered judgment reversing that order in June 2012. *Bridge*, 950 F.3d at 631-32. Thus, absent tolling of the six-year limitation, that period expired in 2018. Whether or not Aina Le`a assigned the claims to DW in 2021 or

12

2022, the assertion of such claims for the first time in late 2023 is untimely. DW demonstrates no basis for tolling the limitations period. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend.").

Just as DW cannot now add a party to assert untimely claims, DW cannot now amend its Complaint to pursue claims on its own behalf belonging to Aina Le`a. Such claims would be untimely. Amendment to add those claims would be futile because of the six-year statute of limitations. *Id.*

**IV.    CONCLUSION.**

DW's motion to allow it to add Aina Le`a as a party or to itself assert Aina Le`a's claims is denied.

It is so ordered.

DATED: Honolulu, Hawaii, November 30, 2023.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*DW Aina Le`a Development, Llc, v. State of Hawaii, Land Use Commission, et al.*, Civ. No. 17-00113 SOM/WRP; ORDER DENYING PLAINTIFF'S REQUEST TO AMEND COMPLAINT TO ADD AINA LE`A, INC., AS A PARTY OR TO ASSERT THE CLAIMS OF AINA LE`A, INC.