IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DW AINA LE`A DEVELOPMENT, LLC,<br><br>         Plaintiff,<br><br>    vs.<br><br>STATE OF HAWAII, LAND USE COMMISSION; STATE OF HAWAII; and DOE GOVERNMENTAL UNITS 1-10,<br><br>         Defendants.<br>_____ | Civil NO. 17-00113 SOM-WRP<br><br>ORDER GRANTING DEFENDANTS' MOTION IN LIMINE NO. 1 (ECF NO. 145) TO EXCLUDE OPINION TESTIMONY OF ROBERT J. WESSELS AND ANY OTHER OPINION TESTIMONY REGARDING VALUATION OF PROPERTY INTERESTS |

**ORDER GRANTING DEFENDANTS' MOTION IN LIMINE NO. 1 (ECF NO. 145) TO EXCLUDE OPINION TESTIMONY OF ROBERT J. WESSELS AND ANY OTHER OPINION TESTIMONY REGARDING VALUATION OF PROPERTY INTERESTS**

On November 4, 2021, this court set April 18, 2022, as Plaintiff DW Aina Le`a Development, LLC's expert disclosure deadline. The court set June 17, 2022, as the expert disclosure deadline for Defendants State of Hawaii and State of Hawaii Land Use Commission (collectively, "Hawaii"). The court set the deadline for DW's rebuttal expert disclosures 45 days after the disclosure by Hawaii. *See* Second Amended Rule 16 Scheduling Order, ECF No. 68, PageID #s 491-92. Hawaii's expert disclosure was obviated by an order granting summary judgment to Hawaii. After a reversal on appeal and a remand by the Ninth Circuit to this court, this court, on August 23, 2023, gave Hawaii a new expert disclosure deadline of October 25, 2023. The court did

not reopen DW's expert disclosure deadline, as that deadline had already passed by the time summary judgment was granted. *See* Transcript of Proceedings, ECF No. 155, PageID #s 3990-91. DW's deadline to disclose rebuttal expert testimony was extended until 45 days after Hawaii's disclosure. *Id.*, PageID # 3995.

DW had earlier disclosed Robert J. Wessels as a nonretained expert pursuant to Rule 26(a)(2)(c). That disclosure occurred on April 20, 2022, two days after DW's expert disclosure deadline. It does not appear that DW named any other expert for its case in chief. Rule 26(a)(2)(C) required DW to disclose: "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702 [Testimony of Expert Witnesses], 703 [Bases of an Expert's Opinion Testimony], or 705 [Disclosing the Facts or Data Underlying an Expert's Opinion]; and (ii) a summary of the facts and opinions to which the witness is expected to testify."

DW's April 20, 2022, disclosure was far from complete with respect to those requirements, stating only:

> Plaintiff identifies the following non-retained expert[] who will offer an opinion at trial:
>
> 1. Robert J Wessels, c/o Plaintiff's counsel. As a developer on many development projects, Mr. Wessels developed the build out of homes. He has experience in developing final build outs as well as infrastructure developments. Mr. Wessels will offer testimony that the project had substantial value under urban designation, but that the value of the

2

> developmental rights became worthless once the property was reverted to agricultural designation because the number of homes permitted to be built on agricultural property is limited. The agricultural designation only permits one home per 5 acres, which renders any buildout of infrastructure economically unfeasible, whereas the urban designation would allow sufficient density to support a buildout of infrastructure. Accordingly, Mr. Wessel[]s will testify that Plaintiff's development rights became worthless on the day of the reversion. Mr. Wessel[]s will also offer testimony regarding Plaintiff's acquisition of development rights and quantifying Plaintiff's damages.
>
> Plaintiff reserves the right[] to identify additional expert witnesses to rebut the opinions of experts offered by Defendants.

ECF No. 145, PageID # 3900-01.

While DW's disclosure was untimely, it was only two days late. The court does not rely on that untimeliness in excluding any portion of Wessels's opinion testimony.

The April 20, 2022, disclosure sufficiently disclosed the subject matter and provided a summary of the facts and opinions with respect to that portion of Wessels's proposed opinion testimony regarding the value of developmental rights on the day before and day of reversion of the property from urban to agriculture use. Nevertheless, that testimony is excluded as irrelevant and because of its potential to confuse a jury, given the court's order of May 25, 2022. 2022 WL 1665311, at *8-*10 (granting summary judgment to Hawaii to the extent DW's takings

3

claim was based on its contractual right to develop the residential property).  The portion of the court's earlier order granting summary judgment to Hawaii with respect to a takings claim based on contractual rights to develop the property was not appealed.  Any such claim is therefore is no longer before this court.  *See Ortega v. O'Connor*, 50 F.3d 778, 780 (9th Cir. 1995) (holding that an issue decided by a district court but not raised as error on appeal may not be challenged on remand); *see also JGR, Inc. v. Thomasville Furniture Indus., Inc.*, 550 F.3d 529, 532 (6th Cir. 2008) ("A party that fails to appeal an issue waives his right to raise the issue before the district court on remand or before this court on appeal after remand.  The law-of-the case doctrine bars challenges to a decision made at a previous stage of litigation which could have been challenged in a prior appeal, but were not." (alterations, quotation marks, and citation omitted)); *United States v. Escobar-Urrego*, 110 F.3d 1556, 1560 (11th Cir. 1997) ("'Under the law of the case doctrine, a legal decision made at one stage of the litigation, unchallenged in a subsequent appeal when the opportunity existed, becomes the law of the case for future stages of the same litigation, and the parties are deemed to have waived the right to challenge that decision at a later time.'" (quoting *Williamsburg Wax Museum v. Historic Figures*, 810 F.2d 243, 250 (D.C. Cir.1987)).  Accordingly, no expert testimony is relevant

regarding the value of developmental rights on the day before the taking and the day of the taking.

In adjudicating the earlier summary judgment motion, the court was not inventing new rights. Instead, in deciding that developmental rights were not the basis of a proper takings claim, the court was restricting what taking claims identified by DW it could pursue. DW had years to identify experts with respect to its takings claims. Because DW did not have to wait for the court's ruling to identify experts, the court's narrowing of DW's takings claims does not justify DW's tardiness in disclosing expert testimony, especially when the expert disclosure deadline passed before the court's order issued.

While Wessels is not permitted to provide opinion testimony regarding the "acquisition of development rights," *see* F. R. Evid. 702, Wessels is not here being barred from testifying as a fact witness with respect to DW's actual "acquisition of development rights." That is not a matter of expert opinion. Of course, this court is not here ruling that any such factual testimony is relevant.

Wessels also proposes to give his opinions "quantifying Plaintiff's damages." But DW's expert disclosure fails to provide "a summary of the facts and opinions to which the witness is expected to testify." DW's disclosure is therefore insufficient.

5

When a party fails to provide information required by Rule 26(a), then "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." F. R. Civ. P. 37(c)(1). Rule 37(c) "gives teeth" to the requirements of Rule 26(a) "by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). The party facing such a sanction has the burden of showing that any failure to disclose is substantially justified or harmless. *Id.* at 1106-07.

> The factors that may properly guide a court in determining whether a violation is substantially justified or harmless are: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence.

*Carrillo v. B & J Andrews Enterprises, LLC*, 2013 WL 394207, at *6 (D. Nev. Jan. 29, 2013). DW fails to show that its failure to timely provide the facts underlying any quantification opinion or to actually state the quantification that Wessels wants to opine about was substantially justified or harmless.

Allowing Wessels to provide opinion testimony with respect to "quantifying Plaintiff's damages" would be prejudicial

to Hawaii.  The record does not establish that DW provided Hawaii "with documents two years before the expert disclosure deadline that sufficiently alerted Defendant to the witnesses' existence and to the subject matter about which they likely would testify," or that Hawaii had ample opportunity to depose Wessels on his unstated quantification opinion.  *See* ECF No. 174, PageID # 4472.  The burden of disclosing the opinion, not just disclosing the subject of an opinion, rested with DW.  DW appears to be trying to put the burden on Hawaii to discover what quantification Wessels might have had in mind.

Nor does DW show in opposing Hawaii's present motion in limine that DW's failure to disclose was substantially justified or harmless.  DW does not explain at all.

DW additionally points to "supplemental disclosures" made on November 14 and 17, 2023, arguing that any prejudice has now been cured.  The court disagrees.  On November 14, 2023, DW filed "Plaintiffs Supplemental Disclosure of Expert Witness" pursuant to Rule 26(a)(2) and the deadlines set forth in the Second Amended Rule 16 Scheduling Order of November 4, 2021, as amended on August 23, 2023.  *See* ECF No. 162.  This appears to be DW's disclosure of Wessels as a rebuttal expert.

A plaintiff's rebuttal expert may not testify in the plaintiff's case in chief.  *See Int'l Bus. Machines Corp. v. Fasco Indus., Inc.*, 1995 WL 115421, at *3 (N.D. Cal. Mar. 15,

7

1995) ("the additional experts' testimony is limited to rebutting or contradicting the expert testimony initially designated by the opposing party.  The supplemental or 'rebuttal' experts cannot put forth their own theories; they must restrict their testimony to attacking the theories offered by the adversary's experts.  In this respect, a party can control the scope of the testimony of its adversary's rebuttal experts by limiting its own experts' testimony to a given subject matter.  A party who forgoes designating experts on the initial disclosure date will thus find itself in a purely reactive mode, greatly restricted in its ability to offer expert testimony.").  The court limits Wessels's rebuttal expert testimony to rebutting Hawaii's evidence.  Rebuttal testimony is not a way to meet a plaintiff's burden establishing damages that should have been established in the Plaintiff's case in chief.

On November 17, 2023, DW filed Plaintiff's Amended Nonretained Expert Disclosure.  *See* ECF No. 174-2.  While Rule 26(e)(1) allows for supplementing disclosures, that is not what happened here.  DW's November 17, 2023, "supplemental" disclosure echoes the Declaration of Robert Wessels submitted in opposition to Hawaii's pending motion seeking summary judgment based on an alleged lack of evidence supporting damages.  *See* ECF No. 143; *See* ECF No. 172-1.  That opposition should have been filed on November 14, 2023, but, on that date, DW asked for an extension.

8

The court gave DW until November 17, 2023, to respond to both that summary judgment motion and the present motion in limine. DW did not filed its "supplemental" disclosure until its deadline for opposing both motions.

As it turns out, the purported "supplement" was not a supplement at all. It was instead an initial disclosure, providing information that should have been included in the 2022 disclosure.

Rule 26(e)(1) was not meant to allow a party to entirely skirt expert disclosure deadlines. *See Lindner v. Meadow Gold Dairies, Inc*., 249 F.R.D. 625, 639 (D. Haw. 2008) ("Although Fed. R. Civ. P. 26(e) requires a party to supplement or correct disclosure upon information later acquired, that provision does not give license to sandbag one's opponent with claims and issues which should have been included in the expert witness' report." (quotation marks and citation omitted)); *see also Guinnane v. Dobbins*, 2020 WL 4696809, at *4 (D. Mont. Aug. 13, 2020) ("Although Plaintiffs title this report 'supplemental,' a Rule 26(e)(1) supplement may only be filed to correct inaccuracies or fill in the interstices of an incomplete report based on information that was not available at the time of the initial disclosure. Put differently, a party cannot use untimely supplementation under Rule 26(e) to provide information, reasoning, or opinions that Rule 26 requires be disclosed in the

9

critical initial disclosure." (quotation marks and citation omitted)).

Hawaii is unquestionably prejudiced by DW's late disclosure. The "supplemental" disclosure was made on the day of the discovery cut-off. *See* Transcript of Proceedings, ECF No. 155, PageID #s 3988-89. If the "supplemental" disclosure remained in place, Hawaii would face the prospect of needing to have its experts revise their reports to take the "supplemental" disclosure into account. The only way to cure this prejudice caused by the untimely disclosure would likely be to continue the trial date, reopen discovery, and allow Hawaii to depose Wessels at DW's cost. The court declines to do this, given the age of this case and DW's lack of diligence. As the court has already made clear to the parties, *see* ECF No. 164, the court is committed to a schedule that allows this case to be tried by March 2024.

DW knew that Hawaii was challenging the adequacy of DW's 2022 expert disclosure. Indeed, the parties conferred about this subject on September 26, 2023. *See* ECF No. 143, PageID # 3697. DW then waited almost two months, when discovery could no longer be taken, to "supplement" Wessels opinion. Under these circumstances, the court excludes Wessels's and any other person's expert opinion testimony with respect to "quantifying Plaintiff's damages." This ruling, of course, does not mean that

10

Wessels may not testify as a fact witness for DW in his capacity as a DW principal. Wessels may have personal knowledge from which he can testify with respect to DW's damages caused by the approximately one-year regulatory taking.

To the extent Hawaii argues that expert testimony is necessary to establish economically viable use of the property, diminution in value of possessory or beneficial interest in the property, market rate of return, and just compensation, that argument will be considered in the context of Hawaii's pending motion for summary judgment relating to damages, ECF No. 143.

At this point, the court grants Hawaii's motion in limine number 1 (ECF No. 145) and excludes opinion testimony by Wessels and any other expert with respect to damage quantification.

It is so ordered.

DATED: Honolulu, Hawaii, December 1, 2023.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*DW Aina Le`a Development, Llc, v. State of Hawaii, Land Use Commission, et al.*, Civ. No. 17-00113 SOM/WRP; ORDER GRANTING DEFENDANTS' MOTION IN LIMINE NO. 1 (ECF NO. 145) TO EXCLUDE OPINION TESTIMONY OF ROBERT J. WESSELS AND ANY OTHER OPINION TESTIMONY REGARDING VALUATION OF PROPERTY INTERESTS